(65 App. Div. 314.)

### RUBINO et al. v. MARIANO.

(Supreme Court, Appellate Division, First Department. November 15, 1901.)

1. LEASE—REFORMATION—MISTAKE—FRAUD.

Defendant agreed to sublet premises to plaintiff for the period of his own lease, and delivered a writing, which in fact was merely a permission to occupy the premises for no definite time, with the statement that it was a lease during the term for which he held. The plaintiff could not read English, and did not have the writing translated. There was no allegation that the agreement, as rendered, failed to contain any provision which it was understood it should contain, or that any agreement was made other than that which was embodied in the writing; and, though fraud and deceit was charged in general terms, there was no specification as to how it was perpetrated. The writing was signed by a third party as agent for defendant, and it appeared that that person had agreed to lease the premises for a definite term, but there was no evidence that such person was in fact defendant's agent. *Held* not to state facts entitling plaintiff to reformation, and hence, under Code Civ. Proc. § 2265, subd. 2, providing that an injunction to restrain the execution of a warrant shall not be granted except in cases where an injunction would be granted to stay the execution of the final judgment in an action of ejectment, not sufficient to justify an injunction restraining the execution of a dispossess warrant.

2. AFFIDAVITS—TIME OF SERVICE.

Where an order to show cause why an injunction should not be granted was returnable on the 20th of August, affidavits served on the 22d of August, with notice that they would be presented and made part of the papers on a motion returnable on the 23d of August, should not be read upon the hearing.

Appeal from special term, New York county.

Action by Guiseppe Rubino and another against Gerardo Mariano. From an order granting an injunction pendente lite restraining defendant from executing a warrant for the dispossession of plaintiffs, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, INGRAHAM, HATCH, and LAUGHLIN, JJ.

Jay C. Guggenheimer, for appellant.
Achille J. Oishei, for respondents.

INGRAHAM, J. This is an appeal from an order continuing a temporary injunction whereby the defendant is restrained from executing a dispossess warrant removing the plaintiffs from certain premises in the city of New York until the determination of the action. The action seems to be brought for the reformation of an instrument in writing whereby the plaintiffs were allowed to occupy certain premises (No. 258 Elizabeth street) in the city of New York, consisting of part of a store, from month to month; the plaintiffs alleging that the agreement was that the premises were to be leased to the plaintiffs until May 1, 1903. The complaint alleges that the agreement for the lease was with the defendant; that the defendant on the 16th of March, 1899, delivered to the plaintiffs an instrument in writing, stating to plaintiffs, "Here is your lease for the store and loft, with the use of the ice box, for seventy-five dollars per month, during the term of my lease which I hold, and which will expire on the 1st of May, 1903;" that said instrument was in English, and was not read over to plaintiffs, nor translated to them. The instrument received by plaintiffs is annexed to the complaint. By it the defendant gives to the plaintiffs the privilege to use "the three-fourths rear parts of the store situated and numbered 258 Elizabeth street as a concert hall." No time is mentioned in this instrument. By it the plaintiffs simply have a privilege to use certain parts of a store as a concert hall for $50 per month. The motion for an injunction was based upon this complaint and upon an affidavit of one of the plaintiffs. In this affidavit it is stated that on the 16th of March, 1899, the deponent, together with the other plaintiffs, entered into an agreement with the defendant whereby the plaintiffs were to have the free use of the store and loft at 258 Elizabeth street, in the city of New York, for the remaining period of the lease which the defendant had of the premises; and, by reason of the defendant's giving to the plaintiffs a written lease of the premises for the said remaining term, the plaintiffs were to pay to the defendant $75, instead of $60, as they had theretofore been paying; that, "at the instigation of the defendant herein, he had his bookkeeper write out a memorandum and agreement which was supposed to contain all the terms of the agreement entered into for the lease of the premises, and the plaintiffs, relying upon the honesty of the defendant, took the said memorandum without having the same read over to them, and, thinking that the same was for the remaining period of the defendant's lease (that is, to May 1, 1903), did not do anything more about it, and continued to remain in possession of the said store from then up to July 1, 1901, without any trouble arising between the plaintiffs and the defendant."

It is quite clear that the facts stated in the affidavit do not justify a judgment for the reformation of the agreement. The bookkeeper who wrote out the memorandum and agreement would appear to have been the bookkeeper of the plaintiffs, but there is no allegation here that the defendant understood that the agreement as written out contained any provision other than that contained therein, or that the defendant promised to make any other agreement with the plaintiffs than that which was contained in the writing.

There is a general allegation that the defendant practiced fraud and deceit on the plaintiffs, and that by reason of said fraud the plaintiffs have been dispossessed from the said premises. But just what fraud was perpetrated, or how it was perpetrated, does not appear; the only fact stated in the affidavit being that the plaintiffs supposed that they had a different agreement from that delivered to them. Most specific allegations are required to justify the court in granting such an injunction. By subdivision 2 of section 2265 of the Code of Civil Procedure it is provided that an injunction to restore the execution of a warrant shall not be granted, "except in a case where an injunction would be granted to stay the execution of the final judgment in such action [of ejectment] and upon the like terms." To entitle the plaintiffs to an injunction, under the provisions of this section, restraining the issue of a warrant, there must be proof of facts which would justify an affirmative judgment in the action, under which the plaintiffs would be entitled to the possession of the property at the time the proceedings were commenced, based upon facts that would not be a defense to the dispossess proceedings Here there is a failure to prove such facts. A lease for the period alleged in the complaint, to be valid, must be signed by the defendant. The paper presented, and which the plaintiffs seek to reform into a lease of the premises down to May 1, 1903, is an instrument which purports to be signed by John Mariano, attorney for Gerardo Mariano. There is no allegation in any of these papers that John Mariano was in fact the agent of the defendant, or that he signed this instrument by his authority. The allegation of the complaint that the agreement was with the defendant, or that the defendant made any representation to the plaintiffs, is not supported by affidavit; and it would appear that plaintiffs relied upon the agreement made with the alleged agent of the defendant, without proof that the agent had any authority to act.

The order to show cause why an injunction should not be granted seems to have been obtained on the 16th of August, 1901, returnable on the 20th of August, 1901. On the 22d of August, 1901, the plaintiffs served upon defendant affidavits of 15 persons, with a notice that such additional affidavits would be presented and made a part of the papers on the motion returnable on the 23d of August, 1901. By these affidavits the deponents purport to have overheard a conversation between one of the plaintiffs and John Mariano in relation to the lease of these premises, and these affidavits are recited in the order as being the affidavits upon which the motion was made. It is quite evident that upon such a motion, and without leave of the court, the plaintiffs were not entitled to have these affidavits read upon a hearing of the motion. As, however, no objection to this practice seems to have been taken by the defendant, and as the court incorporated the affidavits thus served as affidavits upon which the motion was made, they must be considered. But the facts therein stated are insufficient to overcome the objection to the want of proof of facts which would justify a judgment reforming this instrument by making it a lease of the premises. All that appeared from these affidavits was that at one time a person repre-

senting himself as the agent of the defendant had verbally agreed to lease the premises to the plaintiffs until May 1, 1903. We think, therefore, that the injunction was erroneously granted, as there was no evidence before the court from which it appeared that the plaintiffs would be entitled to a lease to May 1, 1903, or for a reformation of this instrument.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(66 App. Div. 439.)

### In re GRADE CROSSING COM'RS OF CITY OF BUFFALO.

### In re COOLEY et al.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

1. MUNICIPAL CORPORATIONS— CHANGE OF STREET GRADE — ASSESSMENT OF DAMAGES—PARTIES TO PROCEEDING.