THE PEOPLE OF THE STATE OF NEW YORK ex rel. CITY OF NEW YORK, Appellant, *v.* CHARLES E. KEELER et al., Assessors of the Town of North Salem, Respondents.

**Tax — assessment — review of assessments — court without power to increase assessment of one parcel to offset reduction of assessments of others.**

1. A court is not empowered to charge taxes upon land, as if it were itself a board of assessors or the taxing agent of the state. All that it does in proceedings for review of assessments is to review an assessment already made, confirming or reducing as the value may appear, and it is without power to increase the assessment of one parcel for the purpose of overcoming the effect of a reduction of assessment of others.

2. Where in a certiorari proceeding to review assessments for purposes of taxation the court found that two parcels had been overvalued and a third undervalued in an amount more than equal to the overvaluation of the two others, it was error to treat the three assessments as combined, reduce two and increase one and overrule the objection of overvaluation in its application to the aggregate. Each assessment stands alone and its validity is independent of the validity of the other.

3. The fact that the relator states in its petition that the property as a whole has been overvalued but does not state the proportion of the excess to be distributed to each, is an irregularity that would

have justified the dismissal of the petition if timely objection had been taken. It did not have the effect of turning the judge into an assessor, with power to lay the tax as well as power to review it.

*People ex rel. City of New York* v. *Keeler*, 205 App. Div. 467, modified.

(Argued January 7, 1924; decided February 19, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 25, 1923, modifying in respect of costs and in other respects affirming a final order of Special Term in certiorari proceeding for the review of the assessment of real property of relator for purposes of taxation.

*George P. Nicholson,* Corporation Counsel (*I. J. Beaudrias* of counsel), for appellant. Neither the referee nor the court had power to increase the assessment of any parcel. (*People ex rel. Littman* v. *Wells,* 91 App. Div. 172; *People ex rel. Chamberlain* v. *Forrest,* 96 N. Y. 544; *Mayor of City of N. Y.* v. *Smith,* 61 App. Div. 407; *People ex rel. Suburban Invest. Co.* v. *Miller,* 73 Misc. Rep. 214; *People ex rel. C. S. Co.* v. *Barker,* 86 Hun, 240; *People ex rel. Kemp R. E. Co.* v. *O'Donnel,* 198 N. Y. 48; *People ex rel. N. Y. & R. B. R. Co.* v. *Tax Comrs.,* 157 App. Div. 496.)

*Henry R. Barrett* for respondents.

CARDOZO, J. The city of New York is the owner of lands in Westchester county which it uses to maintain and protect the supply of water for its inhabitants.

In the year 1916 the assessors of the town of North Salem assessed the value of this land, divided into three parcels, as follows: Parcel No. 1, described as " Section 1, block 100, lot 6T, building, dam and land, 631.87 acres," $544,010; parcel No. 2, described as " Section 1, block 100, lot 4T, land under water and above, 413.57 acres," $355,990; parcel No. 3, described as " Section 1,

block 100, village and farm land, 364 acres," $142,130; a total for the three assessments of $1,042,130. The city petitioned for the review of the assessments on the two grounds of overvaluation and inequality (Tax Law [Cons. Laws, ch. 60], § 290). The court found, confirming the report of a referee, that parcel No. 2 had been overvalued to the extent of $304,293.75; that parcel No. 3 had been overvalued to the extent of $12,810; but that parcel No. 1 had been undervalued to the extent of $404,273.75. Thereupon, the three assessments were treated as if combined; two of the components were reduced; one of them was increased; and the objection of overvaluation overruled in its application to the aggregate. Upon the objection of inequality, the finding was that the relator's property had been assessed at a higher proportionate valuation than other real estate upon the roll. The three assessments as corrected upon valuation by the court were reduced to the percentage of value generally maintained, and, as thus modified, confirmed.

We think the court was without power to increase the assessment of one parcel for the purpose of overcoming the effect of a reduction of the assessments of the others (*People ex rel. Kemp R. E. Co.* v. *O'Donnel,* 198 N. Y. 48). Each assessment stands alone (Tax Law, § 21; L. 1916, ch. 105, § 12). " The validity of one assessment is independent of the validity of the other " (*People ex rel. Ward* v. *Sutton,* 230 N. Y. 339, 341). A court is not empowered to charge taxes upon land, as if it were itself a board of assessors or the taxing agent of the state. All that it does in these proceedings is to review an assessment already made, confirming or reducing as the value may appear. There is, indeed, a rule applicable to cities that " the total assessment only can be reviewed " when the value of the land is stated separately from that of the land with the improvements (Tax Law, § 21, subd. 3; *People ex rel. Strong* v. *Hart,* 216 N. Y. 513). Even in such circumstances, however, a taxpayer

aggrieved by the overvaluation of a parcel, the subject of a distinct assessment, is not to be denied relief because in the valuation of another parcel, separately assessed or differently situated, he has fared better than he should. The function of assessment is still distinct from the function of review.

The Appellate Division, appreciating the general rule, thought that this case was taken out of it by the form of the petition. The relator states in its petition that the property as a whole has been overvalued to the extent of $400,000, but does not state with reference to the several parcels " the proportion of the excess to be distributed to each " (*People ex rel. Ward* v. *Sutton, supra*). This is an irregularity that would have justified the dismissal of the petition if timely objection had been taken (*People ex rel. Ward* v. *Sutton, supra*). It did not have the effect of turning the judge into an assessor, with power to lay the tax as well as power to review it.

By the final order in this proceeding, the assessments have been left separate as they were when originally made. Two of them by the terms of the order are reduced. The assessment of parcel No. 2 becomes $40,323.07, and that of parcel No. 3, $100,869.60. One of them is increased. The order is that the assessment of parcel No. 1, formerly $544,010, shall be changed to read as one for $894,101.33. It must be reduced to the sum at which it was fixed by the assessors.

Other objections urged by the relator to the validity of the assessments were properly disposed of in the courts below.

The order of the Appellate Division should be modified by re-establishing the assessment of the first of the three parcels described in the final order at the sum of $544,010, and, as so modified, affirmed, with costs to the appellant.

HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Ordered accordingly.