THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALLIED OWNERS CORPORATION, Respondent, v. JAMES J. SEXTON and Others, as Commissioners, and Constituting the Board of Taxes and Assessments in and for the City of New York, Appellants.

Second Department, June 12, 1939.

*Murray Sendler* [*William C. Chanler, Corporation Counsel*, and *Arthur A. Segall* with him on the brief], for the appellants.

*Barnett J. Nova* [*Stephen Callaghan* and *Ralph Stout* with him on the brief], for the respondent.

PER CURIAM. The referee excluded from evidence defendants' Exhibit B for identification. That exhibit, *inter alia*, contained matter which in effect answered questions propounded in defendants' Exhibit A, which was the protest filed by a subsidiary of the relator and which was adopted by the relator as the jurisdictional basis for this proceeding. Exhibit A is a form furnished by the board of taxes and assessments. Various questions in it were unanswered, but it contained an express provision that it would be supplemented. This supplement took the form of defendants' Exhibit B for identification and, therefore, that document was in effect incorporated by reference into defendants' Exhibit A. The court should have before it the data upon which the board of taxes and assessments acted, no matter what form that data may take. (*People ex rel. Behrer-Nason Co., Inc.*, v. *Miller*, 254 App. Div. 696.)

It may well be that defendants' Exhibit B for identification should have been received in evidence and considered. However, it is not necessary to pass upon that question because the pertinent credible evidence in the record did not warrant a holding that the presumption of correctness of the assessment had been rebutted to an extent that justified a reduction to $4,000,000, which was the figure fixed upon in the protest.

The court is obligated to review the situation as of the date when the taxing power acted (*People ex rel. City of New York* v. *Keeler*, 237 N. Y. 332, 334), and to consider only the factors then known. It may not act as an independent taxing body and arrive at an assessment for the year 1933 on the basis of experience, economic and otherwise, in the six years intervening between October 1, 1932, and the day this certiorari proceeding was heard in 1938.

The official referee gave undue consideration to what had occurred between October 1, 1932, when the assessment was made for the year 1933, and 1938, when he ruled that the assessment should be $4,000,000. In his own language he arrived at a conclusion that was based upon " the present outlook." The evidence adduced by the relator did not satisfactorily establish the true rental value of the theatre portion of the building; and the evidence adduced by the defendants on that phase, when considered in connection with the evidence of gross and net returns from the office building portion of the structure, required a holding that the net return for 1932 from the entire structure, when the disbursements from the receipts

from the theatre portion of the structure were properly broken down and allocated, was a minimum of $240,000. This net return justified an assessment of at least $4,800,000.

The order should be modified by providing that the assessment for the year 1933 be fixed at the sum of $4,800,000, and, as thus modified, the order should be affirmed, with fifty dollars costs and disbursements to appellants.

Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and CLOSE, JJ.

Order modified by providing that tne assessment for tne year 1933 be fixed at the sum of $4,800,000, and, as thus modified, the order is unanimously affirmed, with fifty dollars costs and disbursements to appellants. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Settle order on notice.