Cohn, J.
(dissenting). I dissent. The presumption is that the assessments are correct, and the burden is on the relator to show clearly that they are erroneous (People ex rel. Jamaica W. S. Co. v. Tax Comrs., 196 N. Y. 39; People ex rel. Westchester F. I. Co. v. Davenport, 91 N. Y. 574; People ex rel. Haile v. Brundage, 195 App. Div. 745, 746-747; People ex rel. Kellogg v. Wells, 101 App. Div. 600, 603). Relator here failed to sustain its burden of establishing that there was inequality of assessment or overvaluation.
*901 This proceeding involved stale claims. The obligation of diligently prosecuting rests with the relator. The cause was not tried until the month of April, 1946, which is fourteen years after the first tax year involved, thirteen years after the second, and twelve years after the third. There is obvious merit in the contention of the Tax Commission that the long delay in bringing the proceeding to trial is indicative of the fact that no reductions in assessments could be justified at or near the time of the assessments. The Tax Commission also points out that any refunds directed to be paid at this late date carry accrued interest amounting to nearly 80%.
I, of course, agree that the land values fixed by the tax assessors should be reinstated. However, I see no justification for sustaining the reduction by Special Term of the assessed valuations on the building for each of the three years involved. This property was purchased in 1928 for $705,500. The building itself, which was completed in October, 1926, concededly cost over $500,000 to construct. During the years at issue the building was still practically new. As a nine-story fireproof apartment structure it is an adequate improvement and there is no warrant for the drastic cuts in building value for each of the three years under review.
The testimony as to building value of relator’s expert, who admittedly was not an expert during the years 1931 to 1933, should have carried little weight because to justify his valuations he paid too little attention to actual conditions as they were on the tax status dates and accorded too much weight to subsequent conditions. The court is obligated to review the situation as of the date when the taxing power acted and to consider the factors then known. It may not act as an independent taxing body and arrive at an assessment for the years 1932,1933 and 1934 on the basis of experience in the years intervening between the tax status dates involved and the day this certiorari proceeding was heard in 1946 (People ex rel. Allied Owners Corp. v. Sexton, 257 App. Div. 215, affd. 281 N. Y. 853; People ex rel. City of New York v. Keeler, 237 N. Y. 332, 334). A review in a certiorari proceeding must be confined to the determination made by the Tax Commissioners in the light of conditions in respect to realty prevailing on the appropriate tax status date (People ex rel. New York Dock Co. v. Cantor, 208 App. Div. 52). In this case the first day of October for each of the tax years involved controlled.
According to relator’s expert, as he now sees the picture in retrospect, the year 1932 was one of the worst in real estate but, he added, "People didn’t recognize it as such, not even those in the real estate business. They looked for better times.” In fixing the assessments for the years involved the Tax Commission was obliged to give much weight to the then generally recognized view as to real estate. The action of respondents could not be influenced by hindsight.
Relator on this appeal stresses the fact that for the tax year 1944r-45, ten or more years subsequent to the tax years in issue, this court found values considerably below those fixed by the Special Term for the years involved here (People ex rel. Touroff v. Mills, 271 App. Div. 921). Such fact is, of course, clearly irrelevant.
On the testimony of the city’s expert the estimated net income for each of ' the three years under review showed an adequate return on the assessed figures. If the relator had diligently prosecuted this proceeding, there is no doubt that. on the foregoing proof the assessments would have been confirmed. Certainly, because of its delaying tactics, thi; relator is entitled to no better treatment than that which was accorded to other relators in those years.
*902 The order should be reversed, the writs of certiorari dismissed and the assessments in all respects confirmed.
Callahan, Peck and Van Yoorhis, JJ., concur in Per Curiam opinion; Cohn, J., dissents in opinion in which Glennon, J., concurs.
Order modified and affirmed, with $20 costs and disbursements to appellants. Settle order on notice.