Joseph F. Hawkins, J.
The respondents move to dismiss the petition for failure to comply with section 706 of the Real Property Tax Law and the petitioner cross-moves for leave to amend its petition in the event the respondents’ motion is granted. There are two partially contiguous parcels involved, both owned by the petitioner which are listed on the tax map as Lot No. 60 and Lot No. 86.00. The former contains 14.4 acres of improved land and the latter approximately 17 acres of which 4 acres are improved.
In its protest, the petitioner listed each parcel separately and reductions for each were sought of $20,500 and $313,100, respectively. The petition, however, after listing the two parcels as designated on the tax rolls, i.e., the “ Land Value ” and “ Full Value ” of $27,500 and $27,550, and $22,700 and $1,211,100, respectively, then alleges a combined total overvaluation and inequality of $1,237,600.
It appears that petitioner acquired the two lots at different times. The assessor, however, has continued to list the properties separately with each being assigned a “ separate identity” and individually numbered “ account ”. It is conceded that in 1960 petitioner extended its building located on Lot No. 86.00 to include a portion of Lot No. 60; further, that the assessor ‘1 made no attempt to allocate any part of the value thereof to the northerly lot ”. The assessor’s explanation is that “ since the major portion of the building was erected on the southerly lot [Lot No. 86] and that since deponent saw no reasonable basis for pro-rating the building values between the two tracts, he *248 assessed the entire value of the improvement to the southerly tract.”
The question posed is whether the petition is defective; and, if so, is the defect jurisdictional, i.e., crucial and irremediable or merely a deficiency which can be remedied. Lee and Le Forestier, in Review and Reduction of Real Property Assessments, state (§ 3:14): “Where the allegations of a petition grouped several parcels and gave only the aggregate overvaluation, they were insufficient but this defect was a mere irregularity (Peo. ex rel City of New York v. Keeler, 237 N.Y. 332, 335) and was amendable (Peo. ex rel Tierney v. Wilkins, 261 A D 728, 27 N. Y. S. 2d 558).”
In People ex rel. City of New York v. Keeler (supra, p. 335) involving three parcels in common ownership, the relator, in his petition, alleged: 1 ‘ that the property as a whole has been overvalued to the extent of $400,000, but does not state with reference to the several parcels ‘ the proportion of the excess to be distributed to each ’ ”. Judge Cabdozo held (p. 335): “ This is an irregularity that would have justified the dismissal of the petition if timely objection had been taken (People ex rel. Ward v. Sutton, [230 N. Y. 339]). ”
In People ex rel. Tierney v. Wilkins (supra) also dealing with assessments for “ separate parcels for separate amounts ”, Judge Fosteb, for the majority of the Appellate Division, Third Department, distinguished Keeler (supra) and held (pp. 729-730): ‘ ‘ The defect noted has been called an irregularity. (People ex rel. City of New York v. Keeler, 237 N. Y. 332, 335.) The question arises as to whether another amendment may be permitted. Doubtless under the strict rules of our former practice such a procedure would have been highly questionable, but a far more liberal view is now taken. (People ex rel. Di Leo v. Edwards, 247 App. Div. 331.) A petition for a certiorari order under the Tax Law is regarded as akin to a complaint in an action, and amendable on motion. The Tax Law itself is regarded as remedial in character, and should be liberally construed to the end that a taxpayer’s right to have his assessment reviewed should not be defeated by a technicality. (People ex rel. Denney v. Clark, 257 App. Div. 905.) We think, therefore, that the petition may again be amended, and in view of this determination we are not required to pass upon any other question.”
We note the dissenting opinion by Judge Schenck, and it may well be that his view of Keeler (supra) is more tenable in that Judge Cabdozo squarely held that the petition would have been dismissed had there been “ timely objection ”. It, however, was not shared by the prevailing Justices.
*249 It appears necessary to consider whether the assessor’s failure, reluctance or refusal — whatever the appropriate characterization— to combine or to change the designations and listings on the tax assessment map, are, under the circumstances, to be fatal to the petition. There is, of course, no requirement that when a contiguous parcel of land is purchased by an adjoining owner that the tax assessment roll must be changed to reflect such integrated ownership. "Where, however, despite the substantial improvement to the second plot, the assessor for a substantial number of years adheres to an atavistic assessment which produces a prima facie untenable assessed valuation, a landowner should not be stultified in the inception of his quest for judicial review by being confronted with a total assessed valuation for one of two parcels in common ownership which is devoid of reality. At bar, the taxpayer’s protest endeavors to allocate a proper measure of overvaluation and inequality to each parcel. Presumably, in preparing the protest, the incongruity of adhering to this concept prompted petitioner to combine the assessed valuations of both parcels and then proceed to seek a reduction based upon such total.
If the petition for certiorari is ‘ ‘ as akin to a complaint in an action, and amendable on motion ” (People ex rel. Tierney v. Wilkins, supra, p. 730) and it contains a defect or an irregularity which under the more liberal rules of pleading is amendable, the taxpayer should be permitted to serve an amended petition. We are persuaded that, under the circumstances at bar, People ex rel. Tierney v. Wilkins (supra) contains the rule to be applied.
The petition is dismissed, with leave, however, to serve an amended petition within 5 days after entry of an order herein and the respondents are to file their return within 10 days thereafter.