■ In the Matter of JAMES MANNO, Respondent, v FINANCE ADMINISTRATOR OF THE CITY OF NEW YORK et al., Appellants. — In a consolidated proceeding to review assessments of certain real property for the tax years

1976-1977, 1977-1978, and 1978-1979, the Tax Commission and Finance Administrator appeal from a judgment of the Supreme Court, Queens County, dated January 16, 1979, which, after a nonjury trial, reduced the assessments for the tax years in question. Judgment reversed, on the law, without costs or disbursements, and the proceeding is remitted to Special Term for the making of findings of fact and a new determination. At issue is the value of the building on the real property in question. The assessed value of that building was $705,000. Petitioner contends that the building was worth only $500,000 in the tax years in issue. His claim is based on the testimony of one appraiser, who capitalized the income from one allegedly comparable building. The subject building was used as a catering facility, while the allegedly comparable building was used for industrial purposes. In rebuttal, appellant presented testimony from another appraiser that the subject building was worth $1,247,200. That appraiser also capitalized the income from one allegedly comparable building, which, like the subject building, was used as a catering facility. Special Term concluded that the subject building was worth $608,000 in the tax years at issue. In its decision, Special Term noted that it had reviewed the evidence. However, the court failed to make any findings of fact. Section 720 of the Real Property Tax Law requires that "the decision or final order of the court finding the value of the property and the proper assessment thereof shall contain the essential facts found upon which the ultimate finding of facts is made." In the instant case, there was sharply conflicting testimony as to the value of the building. Further, appellant vigorously contests the validity of petitioner's appraisal, asserting that the appraiser relied upon a lease of a building which is totally dissimilar to the subject building. Before there can be meaningful appellate review of Special Term's determination, that court must set forth its reasons for crediting petitioner's appraisal. Further, since Special Term's valuation of the building varied from the valuation arrived at by both appraisers, Special Term should set forth the nature of its adjustments, and the reasons therefor (see *Geffen Motors v State of New York,* 33 AD2d 980). Since the determination of Special Term is totally devoid of the essential findings of fact, we must remand the proceeding to that court to enable it to make those findings (see *Matter of Mays, Inc. v Tax Comm. of City of N.Y.,* 80 AD2d 915). Hopkins, J.P., Damiani, Lazer and Cohalan, JJ., concur.