## (October 7, 1982)

■ In the Matter of NOSTRA REALTY CORPORATION, Appellant, v TAX COMMISSION OF THE CITY OF NEW YORK, Respondent. — Appeal from a final order of the Supreme Court, New York County (Mangan, J.), entered December 2, 1980, which confirmed assessments for the tax years 1970/1971 to 1975/1976 and raised assessments for the tax years 1976/1977 to 1978/1979, held in abeyance, and matter remanded for a finding pursuant to subdivision 2 of section 720 of the Real Property Tax Law, without costs. In this tax certiorari proceeding, the two appraisers used different methods in arriving at the value of the property. Petitioner's appraiser used the capitalization method in valuing the property from $650,000 (1970/1971) to $700,000 (1978/1979). The respondent's appraiser, relying principally upon a 1968 sale of the property for $1,600,000, valued the property from $1,025,000 (1970/1971) to $1,100,000 (1978/1979). Special Term, without stating reasons, confirmed assessments ranging from $920,000 (1970/1971) to $980,000 (1975/1976). However, for the tax years 1976/1977 to 1978/1979, Special Term increased the assessment from $980,000 to $999,000. Again, no explanation was given. Subdivision 2 of section 720 of the Real Property Tax Law requires that "the decision or final order of the court finding the value of the property and the proper assessment thereof shall contain the essential facts found upon which the ultimate finding of facts is made." Since the appraisers in this case used different methods of valuation, it was imperative that Special Term indicate why it was adopting one appraisal and rejecting the other. Therefore, this matter must be remanded for an appropriate finding in accordance with subdivision 2 of section 720 of the Real Property Tax Law (*Matter of Manno v Finance Administrator of City of N. Y.,* 80 AD2d 917). In remanding, we also note that Special Term was not empowered to increase the assessment for the last three tax years under consideration. (*People ex rel. City of New York v Keeler,* 237 NY 332, 334.) Concur — Murphy, P. J., Carro, Markewich, Bloom and Lynch, JJ.