OPINION OF THE COURT
 

 Jones, J.
 

 In a proceeding to review tax assessments on real property, the total assessment only may be reviewed. To assist in this process factual findings may be made separately as to the value of the land and the value of improvements. Either value may be below, above or equal to the corresponding figure assigned by the board of assessors. The total assessment determined by the courts cannot, however, exceed the total assessment on the tax roll.
 

 The premises at 1634-42 Broadway in Manhattan, known as the Winter Garden Theatre, were assessed as follows:
 

 Year Land Building Total
 

 1973- 1974 $3,050,000 $275,000 $3,325,000
 

 1974- 1975 3,050,000 300,000 3,350,000
 

 through
 

 1978-1979
 

 In this action to review these tax assessments, after trial Supreme Court fixed the assessments as follows:
 

 Year Land Building Total
 

 All years $3,300,000 $100,000 $3,400,000
 

 
 *96
 
 The landowner purported to appeal “from so much of the [judgment] as increases and fixed the valuations of the land at $3,300,000”. The Appellate Division “modified, on the law, to vacate that portion [of the judgment] which increased the assessments for the land for the subject tax years and to reinstate the existing tax assessments on the land for those years, and otherwise affirmed”. It is evident that this determination was not intended to be read literally, that is, if the land value is reduced to $3,050,000, it cannot follow, arithmetically, that the building value is $100,000 and the total assessment is $3,400,000 as fixed by Supreme Court. Some adjustment of one or both of these other two figures would be required. We conclude that, however the language of its order is to be interpreted, the determination of the Appellate Division is erroneous.
 

 At the threshold it is conceded by the taxing authorities that the total assessment determined in this action cannot exceed $3,350,000 ($3,325,000 for the year 1973-1974), the total assessment on the tax rolls.
 
 (People ex rel. Kemp Real Estate Co. v O’Donnel,
 
 198 NY 48, 52-53). The consequence of this rule is that in bringing an action to review an assessment the taxpayer is not exposed to a risk that rather than being reduced his assessment will be increased. Therefore, if the order of the Appellate Division is read as “affirming” the total assessments fixed by Supreme Court in the amount of $3,400,000, it is erroneous as a matter of law.
 

 It was also error for the Appellate Division to conclude as a matter of law that the value of the land alone cannot be fixed at a figure in excess of $3,050,000, the value assigned to the land by the board of assessors. The court’s conclusion appears to have been predicated on the proposition that for the courts to increase the value assigned to the land on the tax rolls would be impermissibly to arrogate to the judiciary an authority committed to the board of assessors — that the function of review is distinct from the function of assessment.
 

 Subdivision 3 of section 502 of the Real Property Tax Law provides explicitly that “[o]nly the total assessment, however, shall be subject to judicial review”.
 
 *
 
 Thus, the
 
 *97
 
 courts in the present action must limit judicial review only to the total value of $3,350,000 ($3,325,000 for the year 1973-1974). In the process of the review of the total assessments the courts are authorized and may be expected to make separate factual determinations as to the value properly to be assigned to the land and the value properly to be assigned to the building
 
 (People ex rel. Strong v Hart,
 
 216 NY 513, 520). These are factual findings to be made on the basis of the proof in the record. Either value may be above or below or the same as the value fixed by the board of assessors; the only restriction on the judicial determination is that the total assessment it fixes cannot exceed the total assessment under review. Within the figure for total assessment, however, the components of value for land and improvement may be freely adjusted as warranted by the evidence.
 

 Accordingly, the valuation of the land (as well as of the building) should be determined as a finding of fact; to fix it as a matter of law is error (save possibly in some unusual case, as, for instance, to give effect to a stipulation of the litigants)
 
 (Matter of Metropolitan Life Ins. Co. v Tax Comm.,
 
 53 NY2d 1050).
 

 For the reasons stated, the order of the Appellate Division should be reversed, without costs, and the case remitted to that court to examine the factual determinations made by Supreme Court with respect to the valuation of the land and of the building as an incident to a review of the total assessments of the property, which cannot be
 
 *98
 
 fixed in an amount in excess of the total assessment on the tax rolls for each year.
 

 Chief Judge Cooke and Judges Jasen, Wachtler, Meyer, Simons and Kaye concur.
 

 Order reversed, without costs, and matter remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.
 

 *
 

 Subdivision 3 of section 502 provides: ‘The assessment roll shall contain a column for the entry with respect to each separately assessed parcel of the assessed valuation of
 
 *97
 
 the land exclusive of any improvements, followed by a column for the entry of the total assessed valuation. Only the total assessment, however, shall be subject to judicial review provided by article seven of this chapter.” In
 
 People ex rel. Kemp Real Estate Co. v O’Donnel
 
 (198 NY 48), the court, as did the Appellate Division in the case at bar, held that the assessed value of the land component was the maximum land value which could be assigned to the land in calculating total value despite a factual finding of higher land value. A year later in 1911 the Legislature amended section 21-a of the Tax Law (now Real Property Tax Law, § 502, subd 3) to provide that “[t]he total assessment only can be reviewed” (L1911, ch 117). It was said that the purpose of this legislative enactment was to overturn the ruling in the
 
 Kemp Real Estate
 
 case (see
 
 People ex rel. Morse Dry Dock & Repair Co. v Purdy,
 
 100 Misc 580, 583). In any event the amendment has been held to prohibit review of either the land or the building assessment separately
 
 (People ex rel. Strong v Hart,
 
 216 NY 513, 519-520, 525). The decision in
 
 People ex rel. City of New York v Keeler
 
 (237 NY 332) on which the landowner and the Appellate Division relied involved three separate parcels which had been treated as if combined and is thus inapposite.