■ In the Matter of LAKE SAGAMORE COMMUNITY ASSOCIATION, INC., Appellant, v TOWN OF KENT et al., Respondents.— In a proceeding pursuant to Real Property Tax Law article 7 challenging the assessments of certain real property, *inter alia,* as excessive, the petitioner appeals from an order of the Supreme Court, Putnam County (Palella, J.), dated August 2, 1988, which, after a hearing, denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The subject property, consisting of eight tax lots located in the Town of Kent, Putnam County, was deeded to the Lake Sagamore Community Association, Inc. (hereinafter the Association) from Leland Ryder on June 4, 1974. The property was designated "lands under the bed of and in the vicinity of a Lake known as Sagamore Lake" and included "any and all islands in the Lake". By the terms of the deed, several restrictions were placed upon the property including the requirement that, insofar as "feasible", access to the lake through the seven parcels of park land always be permitted to grantees of adjacent properties. In addition to the foregoing conveyance, Leland Ryder transferred approximately 60 additional parcels to the Association from his original holdings. In each of these deeds, the grantee acquired the right to utilize Sagamore Lake and the park areas subject to the rules and regulations promulgated by the Association.

Initially, we note that the valuation of land for tax purposes is a determination of fact *(see, Matter of Shubert Org. v Tax Commn.,* 60 NY2d 93) and there is a strong presumption of the validity of an assessment by the taxing authority. The burden is upon the petitioner to show by substantial evidence that the assessment is excessive *(see, Matter of Adirondack*

*Mountain Reserve v Board of Assessors,* 99 AD2d 600, *affd* 64 NY2d 727; *Matter of Metropolitan Life Ins. Co. v Tax Commn.,* 85 AD2d 525, *affd* 57 NY2d 964).

In the instant case, the Association has not submitted a scintilla of proof that the 1987 assessment was excessive other than by showing that it had substantially increased from the preceding year. While we are mindful of the fact that an easement operates to diminish the value of real property, we conclude that because there has been no showing of the value of the property for tax purposes, or the diminution of the value of the real property as a result of the easements through the testimony of an appraiser or other qualified expert, summary judgment was properly denied. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.