■ In the Matter of LUCY G. KALSKI, Respondent, v. EDWARD J. FITZGERALD et al., Constituting the Board of Tax Reviews of the City of Troy, et al., Appellants.— *Per Curiam.* Appeal from a judgment of Special Term confirming the report of a Referee which reduced assessments. The assessments reduced were the assessments from and including 1959 to and including 1964.

The respondent purchased the property in 1948 for $65,000. The Referee's valuation exclusive of allowance for stipulated inequality was $60,000, reduced to a taxable valuation of $45,000 by reason of the parties' stipulation that properties in the City of Troy were assessed generally at 75% of their value. The amount paid by the respondent is evidence of value although by no means conclusive, and particularly not so, because of its remoteness from the taxable years, because of testimony allegedly based on recent sales that property in the neighborhood had decreased in market value since the purchase and because of subsequent improvements to the premises. By stipulation the respondent and the appellants were limited to two expert witnesses. The witnesses of the respondent taxpayer were real estate brokers. One broker testified to a full value of $34,000, allocating a value of approximately $18,300 to the land and $15,700 to the building; the other broker said that the land value was $18,300 and the building value $14,700, making a total of $33,000. The appellants' expert witnesses were a real estate broker and an architect. The broker's appraisal of the full value of the land was $37,000. He offered no testimony as to the building. The architect testified to a structural replacement cost less depreciation of $75,700. The Referee found a land value of $24,729 and, as mentioned, a total value of $60,000 prior to adjustment by reason of inequality. As to land value the Referee's finding was within the range of the testimony and supported by the record. As to value of the building one of the respondent's experts, in addition to giving his opinion of value based on sales and other factors, testified as to structural valuation on the basis of reconstruction costs less depreciation. Of course, this witness was not qualified to testify to "sound value" (*Matter of Semple School for Girls* v. *Boyland,* 308 N. Y. 382, 388) and his testimony on this factor was without probative force. Hence the appellants' evidence of value based on reproduction was uncontradicted. This does not mean, however, that the award may not be lower than the appellants' architect's opinion of value based, as it was, solely on reproduction less depreciation. Moreover one of the respondent's experts testified that the building was functionally and economically obsolete and the appellants' architect testified that he did not consider "functional or obsolescent depreciation" in arriving at his result. And further the replacement cost was not alone the sole basis for valuation of the building but only one of several factors to be considered. While not accepting in all respects the reasoning of the Referee, we find the Referee's evaluation of the land and of the land and building supported by the record and consistent with the weight of the evidence. The appellants complain of the Referee's statement that "the land is not employed for its best use by the present building." Of course it is immaterial that a building is not an adequate improvement in the sense that it does not utilize the land to develop the highest commercial income and the owner is to be assessed on the basis of the building as it existed on the taxable status dates. However, we agree with Special Term that the Referee was not appraising on the basis of highest or best use but rather referring to economic obsolescence. The appellants also raise the issue that "The amount demanded in the 1962 notice of protest ($70,000) limits any reduction." The so-called notice of protest is a two-page statement under oath as required by section 512 of the Real Property Tax Law and it was offered by the appellants and received in evidence as their Exhibit B. We think the document as a whole was sufficient to entitle the Referee and Special Term to direct a reduction below the amount of $70,000 initially specified in the document in evidence as Exhibit B, but not below the $35,000 specified in the demand with which Exhibit B concludes. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.