■ In the Matter of ADDIS COMPANY, Respondent, v ROBERT Z. SROGI, as Commissioner of Assessment of the City of Syracuse, Appellant. —Order and Judgment unanimously affirmed, with costs. Memorandum: In three jointly tried tax certiorari proceedings commenced pursuant to article 7 of the Real Property Law, the appeal is from a judgment of the Supreme Court, Onondaga County, entered October 16, 1979, which reduced the assessments on petitioner's properties for the years 1975 through 1978 and awarded petitioner $188,080.70. Petitioner's properties located at 441-447 and 449-453 South Salina Street in the City of Syracuse were improved with two contiguous and connected buildings used in the main as a retail apparel store. Petitioner's property located at 155 East Onondaga Street was improved with another building used on the first floor for a workshop and on the remaining floors for storage, apparently to service the retail store. Respondent City of Syracuse claims that the trial court in valuing the property at 441-447 South Salina Street erred in failing to consider a right of way extending from that building to an adjoining street. In fixing the assessed value of this parcel the trial court properly relied on the capitalization of income approach and properly computed value, *inter alia,* by taking a percentage of gross sales *(Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau,* 45 NY2d 538, 542; *W. T. Grant Co. v Srogi,* 71 AD2d 457, 466), which fully reflected the extent to which the right of

way enhanced the value of the property *(Tax Lien Co. of N. Y. v Schultze,* 213 NY 9, 11; *Matter of Trinity Place Co. v Finance Administrator of City of N. Y.,* 46 AD2d 373, 376, affd 38 NY2d 144). Respondent's next claim that the trial court erred in valuing the property at 155 East Onondaga Street on the basis of the building's existing use is without merit. Although the appraisers for the respective parties both agreed substantially that the "highest and best use" of the building was for reconversion to a multifamily dwelling, the trial court correctly concluded that the fair market value of this building should be determined in reference to its existing use. Property is assessed for tax purposes according to its condition on the taxable status date, without regard to future potentialities or possibilities and may not be assessed on the basis of some use contemplated in the future *(Matter of Kalski v Fitzgerald,* 25 AD2d 573, 574; 58 NY Jur, Taxation, §§ 203, 281; see, also, *Matter of Allied Stores of N. Y. v Finance Administrator of City of N. Y.,* 76 AD2d 835). Respondent's last point is also without merit. The trial court permitted two expert witnesses to testify on behalf of petitioner as to investment returns and mortgage rates in the area and their application to capitalization rates. This testimony was not an attempt to introduce expert testimony as to value nor was it based on an appraisal report (cf. *Matter of White Plains Props. Corp. v Tax Assessors of City of White Plains,* 58 AD2d 871, affd 44 NY2d 971), but was designed to bolster the appraiser's opinion on what the capitalization rates should be for the years under review, a matter set forth in the appraisal report filed and exchanged pursuant to the rules of this court (22 NYCRR 1024.24). Contrary to respondent's assertion, nothing in these rules precludes the use of such testimony (see 22 NYCRR 1024.24 [e]). The rate of capitalization itself is a matter for proof and argument *(Onondaga Sav. Bank v Cale Dev. Co.,* 63 AD2d 415, 418; *Matter of City of New York [First Elephant Estates—La Hermosa Church],* 17 AD2d 317, 324) and expert testimony based on the personal knowledge and expertise of the witness is competent evidence and admissible *(Matter of City of Rochester v Iman,* 51 AD2d 651, 652). (Appeal from order and judgment of Onondaga Supreme Court—Real Property Tax Law, art 7.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.