■ In the Matter of VICTOR WEINGARTEN et al., Respondents, v TOWN OF OSSINING et al., Appellants. — In proceedings pursuant to article 7 of the Real Property Tax Law to review assessments (for purposes of taxation) on certain real property for the tax years 1975, 1976 and 1977, the Town of Ossining, its assessor and board of review, appeal from a judgment of the Supreme Court, Westchester County (Burchell, J.), dated August 18, 1980, which reduced the assessments. Judgment reversed, on the law, without costs or disbursements, and matter remitted to Special Term for a new determination in accordance herewith. The subject property is an unimproved 21.91-acre parcel located in the Town of Ossining. The total assessed value for each of the three years under review was $192,300. The equalization rates, as stipulated by the parties, were 52.42% for 1975, 49.77% for 1976 and 46.17% for 1977. Petitioners' expert valued the property at $88,000 for each of the tax years under review, while the town's expert gave values of $323,000 for 1975, $343,000 for 1976, and $362,000 for 1977. Special Term, adopting the values given by petitioners' expert and applying the stipulated equalization rates, reduced the assessments to $46,129 for 1975, $43,797 for 1976, and $40,629 for 1977. The property is zoned R-20, a designation permitting single-family residences on plots containing at least 20,000 square feet. In June, 1973, the zoning ordinance was amended to provide a "Designated Multiple Use Development" (DMUD) category which, in addition to any use previously allowed in an R-20 zone, also permitted attached single-family, townhouse condominium-type developments — this subject to the procurement of a specual use permit. The town's expert expressed the view that, under DMUD zoning, an attached cluster housing development could yield 130 dwelling units. Moreover, he was so convinced that an application for such development would be approved that he valued the property as if such an application had in fact been made and approved. Nevertheless, since no such application was before any official agency, the town's expert discounted his values on the assumption that it would take two years to obtain such approval. In contrast, although the

petitioners' appraiser believed that DMUD townhouse development could yield approximately 136 units, he thought that the possibility of approval of an application therefor was so remote that he added no incremental value for the possibility of such development to his $4,000 per acre valuation. The court completely rejected the value approach offered by the town's expert "since it [was] based upon the premise that the property may have some additional value if * * * a special use permit was to be granted." In our view this was error. Although speculation and remote possibilities may not be considered in arriving at the market value of property for tax assessment purposes (see, e.g., *People ex rel. Strong v Hart,* 216 NY 513; *Matter of Vim Constr. Co. v Board of Assessors of Town of Huntington,* 82 AD2d 537), zoning and reasonable developmental potential of unimproved land may properly be taken into account in determining the market value of property on taxable status dates (see *People ex rel. Town of Hempstead v State Bd. of Tax Comrs. of State of N. Y.,* 163 App Div 803; *People ex rel. Strong v Hart, supra;* cf. *Matter of Allied Stores of N. Y. v Finance Administrator of City of N. Y.,* 76 AD2d 835 [improved property]). Since the value approach taken by the town's expert was based upon the zoning and reasonable developmental potential of the subject property, the court erred in refusing to consider the expert's opinion. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.