■ WACCABUC CONSTRUCTION CORP., Appellant, v ASSESSOR OF THE TOWN OF LEWISBORO et al., Respondents.—In an action, inter alia, for a judgment declaring that the defendant Town of Lewisboro's 1983 assessment roll is improper and illegal, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered May 23, 1988, which, after a nonjury trial declared, inter alia, that the 1983 assessment roll of the Town of Lewisboro was valid, legal,

effective and appropriate for the collection of taxes that were levied on the basis of it.

Ordered that the judgment is affirmed, with costs.

The plaintiff Waccabuc Construction Corp. (hereinafter referred to as Waccabuc), seeks a judgment declaring the 1983 assessment roll of the defendant town illegal and invalid. Waccabuc generally asserts that the town systematically assessed newly constructed property at a higher percentage of market value than existing property. This, it is asserted, deprived Waccabuc of its statutory and constitutional right to an assessment on its newly constructed properties that was uniform with that imposed on similarly situated properties *(see, Foss v City of Rochester,* 65 NY2d 247; *Matter of Krugman v Board of Assessors,* 141 AD2d 175).

In support of this contention, Waccabuc substantially relied on the expert testimony of Joseph M. Vick, who, for 11 years, was the director of real property appraisals in Palm Beach County, Florida. Mr. Vick reviewed data provided him by Waccabuc's counsel and determined that a statistical function known as the "coefficient of dispersion" was unreasonably high with respect to the defendant's 1983 assessment roll.

Generally, a coefficient of dispersion is a statistical comparison of "the closeness of assessment ratios of individual parcels to each other" (9 NYCRR 185-4.2 [b]). A high coefficient of dispersion indicates a high degree of variance with respect to the assessment ratios under consideration. A low coefficient of dispersion indicates a low degree of variance. In other words, a low coefficient of dispersion indicates that the parcels under consideration are being assessed at close to an equal rate *(see,* 9 NYCRR 185-4.4).

Mr. Vick opined that in 1983, the coefficient of dispersion with respect to the defendant's assessment roll was "too high". However, the defendant's assessor Gordon Washburn, using essentially the same raw data used by Mr. Vick, arrived at a coefficient of dispersion that was considerably less than the number Mr. Vick calculated.

The Supreme Court credited Mr. Washburn's testimony and discredited Mr. Vick's. We agree. As noted by the Supreme Court, Mr. Vick arbitrarily eliminated from his calculations those assessment ratios that he felt were "out of gear". Additionally, Mr. Vick did not factor the effect of a volatile real estate market into his calculations, even though he acknowledged that this failure could have impacted upon the correctness of his result. Nor did he determine whether any of

the assessments in the data that he used were partial assessments, even though the use of partial assessments could have potentially distorted his calculations. Under such circumstances, it cannot be said that Waccabuc met its "heavy burden" of demonstrating that Lewisboro's 1983 assessment roll was improper and illegal *(see, Matter of Krugman v Board of Assessors,* 141 AD2d 175, 182, *supra)*. Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.