■ In the Matter of NATHANIEL AKERMAN et al., Appellants, v ASSESSOR OF THE TOWN OF HARDENBURGH et al., Respondents. [621 NYS2d 154] —Mikoll, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 29, 1994 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* declare invalid the 1993 assessment roll of the Town of Hardenburgh.

Petitioners allege that they have submitted facts demonstrating that respondents' 1993 assessment rolls have singled

out petitioners' properties for a higher assessment formula than other similarly situated properties in the Town of Hardenburgh, Ulster County, without any valid justification in violation of petitioners' equal protection rights under the US Constitution and the NY Constitution. Petitioners further argue that respondents' claim that the 1993 assessment roll was arrived at by dividing the Town into four neighborhoods for valuation purposes is nothing more than a pretext to justify an unlawful assessment. Petitioners point out that respondents have failed to geographically identify any other of the neighborhoods in the Town other than their neighborhood (the Beaverkill Falls subdivision), which they claim has been uniquely singled out.

Respondents, in answer to the petition, contend that they have demonstrated that they used valid appraisal techniques and recognized principles of assessment practice, following the Town-wide valuation update performed in 1989, in making up the assessment roll. They contend that their affidavits demonstrate that the parcels which are the subject of this proceeding command a substantially higher market value than parcels in other areas of the Town because of the differences in the character of the subdivision property from other Town property, attributable to deed restrictions and covenants which restrict the manner and type of construction in the subdivision and the recreational amenities afforded to those owning land in the subdivision. Benefits include security patrols, privately owned and maintained highways, underground telephone and power lines, limits on building colors that can be used, limits on outside lighting and other construction details, including limitations as to line of sight. Respondents point out that these are valuable rights and privileges attached to petitioners' properties which enhance the market value of all the subdivision's properties above that of other properties situated in the Town.

There should be an affirmance of Supreme Court's judgment. Supreme Court properly found that, contrary to petitioners' allegations, petitioners have not established that the formulas used by respondents were improper or inequitable or that the assessments violate constitutional requirements. Petitioners have failed to establish their claim that the 1993 assessments were based on the identities of the owners rather than the character of the subdivision. Thus, petitioners have failed to meet the heavy burden of demonstrating that the 1993 assessment roll in question was improper, unfair and/or illegal *(see, Waccabuc Constr. Corp. v Assessor of Town of*

*Lewisboro,* 166 AD2d 523; *Matter of Krugman v Board of Assessors,* 141 AD2d 175, 179-180, *appeal withdrawn* 73 NY2d 872; *see also, Matter of Averbach v Board of Assessors,* 176 AD2d 1151).

Cardona, P. J., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.