■ In the Matter of STATE OF NEW YORK, Respondent, v TOWN OF HARDENBURGH, Appellant. (And Four Other Related

Proceedings.) [710 NYS2d 435] —Mugglin, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered July 21, 1999 in Ulster County, which, in five proceedings pursuant to RPTL article 7, denied respondent's motion for summary judgment dismissing the petitions.

Petitioner owns 187 mostly contiguous parcels totaling in excess of 27,000 acres of land within the Town of Hardenburgh in Uslter County (hereinafter Town). This acreage comprises a portion of the Catskill Park which, pursuant to statute, is "forever wild" and may not be alienated, leased or worked for profit (see, ECL 9-0101, 9-0301 et seq.). In 1993, respondent completed a municipal-wide revaluation of all taxable property. Since the land owned by petitioner is considered the same as privately held lands for tax assessment purposes (see, RPLT 542), respondent's Assessor reassessed each parcel owned by petitioner. After filing unsuccessful grievances with respect to the assessments, petitioner commenced these proceedings pursuant to RPTL article 7 challenging the assessments for tax years 1993, 1994, 1995, 1997 and 1998 on at least 145 of these parcels. Petitioner's principal contentions are that respondent assessed the parcels in excess of their full values and that the parcels are disproportionately assessed in relation to all other property within respondent. Following the exchange of appraisals, respondent moved for summary judgment dismissing each petition contending that the methodology adopted by petitioner to arrive at market value was improper and that these proceedings were barred by the doctrines of res judicata and collateral estoppel. Finding the existence of genuine triable issues of fact which precluded summary judgment, Supreme Court denied respondent's motion. Respondent now appeals.

In arriving at the fair market value of petitioner's property, respondent's appraiser employed a parcel-by-parcel analysis, examining each on the basis of size, location, timber and other valuation factors. For comparables, he selected sales of similar-sized parcels of forest lands and after making adjustments he deemed appropriate, he compared those sales to the average lot size of petitioner's parcels to arrive at a per-acre value which he multiplied by the acreage of the individual parcels owned by petitioner. In contrast, the appraiser for petitioner concluded that, viewed as privately owned property, the highest and best use for this vacant land is timber management, supplemented with recreational usage and with a small potential for residential development. In his appraisal, he asserted that the "artificial division" of such lands into lots on a

tax map has little, if any, significance to buyers and sellers in the marketplace. Therefore, he appraised the property as an assemblage of contiguous economic units, in single ownership, more appropriately defined by natural boundaries (i.e., ridges, rivers, wetlands) than by artificial boundaries (i.e., lines on the tax map). Then, also using the comparable sales methodology, he determined the value of each economic unit and, after making appropriate adjustments (including timber valuation), he arrived at a total value of the entire parcel by adding the values of the economic units, and then he determined the value of each of the 187 separate parcels by allocating the total sum among these parcels.

Respondent asserts that the valuation methodology adopted by petitioner's appraiser is infirm as a matter of law and does not constitute appropriate evidence to rebut the presumption of validity or to raise any genuine issue of fact. In support of this position, respondent argues that the procedures for the assessment of taxable State lands, part 199 of the rules for Real Property Tax Administration (9 NYCRR 199-4.1 *et seq.*), mandate that local assessors appraise parcel-by-parcel. These sections require the Office of Real Property Services to mail, before the taxable status date, a list of all parcels of State-owned land to the assessor or county director, and, as here, where a revaluation has occurred, for the assessor to enter the full value and assessed value for each parcel on the State's list. This argument lacks merit since (1) it fails to address the real issue herein, namely, the *value* of these parcels, (2) it ignores the fact that the end product of petitioner's appraisal is a valuation of each parcel, and (3) it fails to acknowledge that respondent's Assessor also failed to do a parcel-by-parcel appraisal to the extent that he also relied on a comparison of the average size of petitioner's parcels with sales of comparably sized parcels.

Next, we examine respondent's assertion that petitioner's appraisal raises no factual issue for trial. It is well settled that a tax assessment fixed by a local tax assessor carries with it a presumptive validity (*see, Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187; *Matter of Gullo v Semon*, 265 AD2d 656, *lv denied* 94 NY2d 757). But, this presumption is rebuttable and disappears when a petitioner challenging his tax assessment offers substantial evidence to the contrary (*see, Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra*, at 187). In the realm of tax assessment, the term "substantial evidence" requires the petitioner to come forward with evidence which establishes the existence of a

valid and credible dispute regarding the market value of the parcel at issue (*see, id.,* at 188). This substantial evidence standard is a threshold of minimal height. To ascertain if it exists, "a court should simply determine whether the documentary and testimonial evidence proffered by petitioner is based on 'sound theory and objective data'" (*id.,* at 188, quoting *Matter of Commerce Holding Corp. v Board of Assessors,* 88 NY2d 724, 732). We hold that Supreme Court correctly decided that petitioner's appraisal satisfies this burden and that issues of fact concerning overvaluation and inequality remain for trial. The purpose of valuation in tax assessment matters, whether at the level of the local tax assessor or in tax review proceedings, is to formulate a fair and objective conclusion concerning the fair market value of the property under consideration (*see, Matter of General Elec. Co. v Town of Salina,* 69 NY2d 730, 732). Clearly, this is a factual matter driven by the probative value and weight to be given to the competing appraisals.

We next find incorrect respondent's argument that the doctrines of collateral estoppel and res judicata bar these proceedings. Respondent asserts that since petitioner stands in the same position as an individual taxpayer (citing *Matter of Town of Shandaken v State Bd. of Equalization & Assessment,* 63 NY2d 442), that our decision in *Matter of Akerman v Assessor of Town of Hardenburgh* (211 AD2d 916, *appeal dismissed* 86 NY2d 836) collaterally estops petitioner from maintaining these proceedings and is res judicata.

Petitioner had no opportunity to contest the determination in *Akerman (supra)* since it was not a party nor in privity with a party (*see, Comi v Breslin & Breslin,* 257 AD2d 754, 757), nor were petitioner's rights conditioned upon or derived from the rights of a party to the prior litigation (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664). Furthermore, there is no identity of issues between *Akerman* and the case at bar since *Akerman* dealt with the assessments of parcels in an improved realty subdivision and not wild, vacant land. Consequently, the doctrine of collateral estoppel is inapplicable.

The doctrine of res judicata bars litigation between the same parties, or others in privity, of any cause of action arising out of the same transaction which either was or could have been asserted in the prior proceeding (*see, Matter of Joy Co. v Hudacs,* 199 AD2d 858, 859). Since *Akerman* dealt with a different transaction between different parties with whom petitioner had no privity and who could not raise the claims petitioner asserts herein, the *Akerman* decision does not bar the present litigation on grounds of res judicata.

We have examined the balance of the contentions made by respondent and find them to be equally unpersuasive.

Crew III, J. P., Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.