■ In the Matter of DALE JOAN YOUNG, Appellant, v TOWN OF BEDFORD et al., Respondents. [831 NYS2d 431]—

In a proceeding pursuant to Real Property Tax Law article 7 to review the tax assessment of the petitioner's real property for tax year 2004, the petitioner appeals from an order of the Supreme Court, Westchester County (Dickerson, J.), entered September 14, 2005, which denied her motion for partial summary judgment on the issue of improper and unlawful tax assessment and granted the respondents' cross motion for summary judgment dismissing the petition.

Ordered that the order is affirmed, with costs.

The petitioner commenced this proceeding to review a tax assessment on real property pursuant to article 7 of the Real Property Tax Law (hereinafter the RPTL) and alleged that the respondents' method of assessing her newly-constructed home using comparable sales prices denied her equal protection of the law and resulted in a discriminatory tax burden on her since it was not imposed on older, existing homes. The Supreme Court denied the petitioner's motion for partial summary judgment on the issue of improper and unlawful tax assessment and granted the respondents' cross motion for summary judgment dismissing the petition.

The petitioner improperly seeks to challenge a portion of the assessment (*see* RPTL 502 [3]; *Matter of Shubert Org. v Tax Commn. of City of N.Y.*, 60 NY2d 93, 95 [1983]). Reviewing the assessment as a whole, the Supreme Court correctly held that the petitioner did not establish that her property was selectively reassessed merely because it was newly constructed (*see Matter of DeLeonardis v Assessor of City of Mount Vernon*, 226 AD2d 530 [1996]; *Matter of Krugman v Board of Assessors of Vil. of Atl. Beach*, 141 AD2d 175 [1988]). Moreover, the petitioner failed to submit any evidence demonstrating that the Town assessed newly-constructed property at a higher percentage of market value than existing property (*see Waccabuc Constr. Corp. v Assessor of Town of Lewisboro*, 166 AD2d 523 [1990]; *cf. Matter of Montgomery v Board of Assessment Review of Town of Union*, 30 AD3d 747 [2006]; *Matter of DeLeonardis v Assessor of City of Mount Vernon, supra*). Since the petitioner failed to rebut the respondents' prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) by proffering admissible evidence demonstrating that the Town Assessor's method resulted in a discriminatory tax burden on her (*see Matter of Montgomery v Board of Assessment Review of Town of Union, supra*), the Supreme Court properly awarded summary judgment to the respondents (*see Waccabuc Constr. Corp. v Assessor of Town of Lewisboro, supra*).

The petitioner's contention, raised for the first time on appeal, that she was denied equal protection because the assessments of unimproved properties are based upon a 1974 table of land values whereas the assessment of her improved property was based upon market value, is not properly before this Court (*see Miller v Village of Wappingers Falls*, 289 AD2d 209 [2001]; *Matter of DelGaudio v Aetna Ins. Co.*, 262 AD2d 641 [1999]). Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.