In the Matter of WILLIAM JOHNSON et al., Appellants, v EILEEN KELLY, Assessor of the Town of Goshen, Respondent. [845 NYS2d 819]—

In related proceedings pursuant to Real Property Tax Law article 7 to review the real property tax assessments on the petitioners' land for the tax years 1999 through 2004, the petitioners appeal from a judgment of the Supreme Court, Orange County (Dickerson, J.), dated May 15, 2006, which, upon the withdrawal by the petitioners of the proceedings for the tax years 1999 through 2001, and after a nonjury trial, denied the petitions and dismissed the proceedings for the tax years 2002 through 2004.

Ordered that the judgment is affirmed, with costs.

In light of the various omissions of "facts, figures and calculations" supporting the petitioners' appraisal of their land (22 NYCRR 202.59 [g] [2]), the Supreme Court had a sufficient basis to strike the petitioners' appraisal (*see Matter of Niagara Mohawk Power Corp. v Town of Bethlehem Assessor*, 225 AD2d 841, 842 [1996]).

However, even if the appraisal had not been stricken, the Supreme Court correctly dismissed the petitions because the petitioners failed to proffer substantial evidence that there was a "valid and credible dispute regarding valuation" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179,

188 [1998]; *see Matter of Niagara Mohawk Power Corp. v Town of Bethlehem Assessor,* 225 AD2d 841 [1996]). There is a presumption of validity of a tax assessment (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack,* 92 NY2d at 187; *Matter of Frontier Park v Assessor of Town of Babylon,* 293 AD2d 608, 609 [2002]), which "disappears and may not be considered in weighing the evidence when the taxpayer presents sufficient evidence to make out a prima facie case that the assessment is erroneous . . . When the taxpayer's proof is inadequate, however, the presumption remains in effect" (*Matter of Niagara Mohawk Power Corp. v Town of Bethlehem Assessor,* 225 AD2d at 845-846, quoting *Matter of State of New York v Town of Thurman,* 183 AD2d 264, 266 [1992]). Contrary to the petitioners' contention, pursuant to Real Property Tax Law § 502 (3), they had the burden of proof as to the total assessment and were required to submit an appraisal that addressed the total assessment of each of the component parts of the subject property (*see Matter of Shubert Org. v Tax Commn. of City of N.Y.,* 60 NY2d 93, 96-97 [1983]; *Matter of Young v Town of Bedford,* 37 AD3d 729, 730 [2007]). The petitioners' appraisal, rather than addressing the total acreage, only appraised the unimproved land portion of the property while ignoring the value of the improved acre and the improvements thereon. Accordingly, the Supreme Court properly determined that the petitioners did not meet the substantial evidence burden of proof necessary to overcome the presumption of the validity of the assessments in question, and properly denied the petitions and dismissed the proceedings for the tax years 2002 through 2004 (*see Matter of Shubert Org. v Tax Commn. of City of N.Y.,* 60 NY2d at 97; *Matter of Young v Town of Bedford,* 37 AD3d at 730).

The petitioners' remaining contentions are without merit. Prudenti, P.J., Krausman, Fisher and Dillon, JJ., concur. [*See* 11 Misc 3d 1081(A), 2006 NY Slip Op 50649(U).]