■ In the Matter of PEACEFUL VALLEY LAND STEWARDSHIP, LLC, Appellant, v KATHERINE JOHNSON, Respondent. [18 NYS3d 184]—

In consolidated tax certiorari proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 2009 and 2011, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Brands, J.), dated July 30, 2013, which, after a nonjury trial, in effect, denied the petitions and dismissed the proceedings.

Ordered that the judgment is affirmed, with costs.

In November 2005, the petitioner purchased a 333-acre working farm located in the Town of North East in Dutchess County. In December 2006, the petitioner obtained the approval of the Town Planning Board to subdivide the property into nine lots. Ten days later, the petitioner donated a conservation easement encumbering subdivision lots one through six and eight through nine, representing 306 of the 333 acres, to the

Dutchess Land Conservancy (hereinafter the DLC). Pursuant to the conservation easement, residential development and most building construction are prohibited on subdivision lots two, five, six, and eight; residences may be constructed on subdivision lots one, three, four, and nine subject to certain limitations. The easement also restricts certain activities, including major clearing of existing trees. Subdivision lot seven, which contains the original farmhouse and primary barn and other major agricultural structures used in the farming operation, is not encumbered. Despite the 2006 subdivision, from 2007 through 2011 the petitioner applied for and received agricultural assessments pursuant to Agriculture and Markets Law article 25AA for each of the nine subdivision lots. In order to receive the agricultural assessments, the petitioner was required to certify that those plots continued to be used for commercial agricultural production during those years.

The petitioner also owns a 6.4-acre parcel that is adjacent to subdivision lots one and four. It is not part of the farming operation. In December 2007, the petitioner donated a conservation easement encumbering it to the DLC. The easement prohibits residential development of the parcel and most building construction.

In 2009, the respondent, the Town Assessor, reassessed the 6.4-acre parcel, and increased the assessment from the prior year. The petitioner subsequently filed a petition challenging the 2009 assessment. In 2011, the Town completed a townwide revaluation of all taxable property and reassessed all 10 of the petitioner's parcels. The petitioner filed a second petition challenging the assessment for subdivision lots two, five, six, and eight for year 2011, and the 2011 assessment for the 6.4-acre parcel. After a nonjury trial, the Supreme Court, in effect, denied the petitions and dismissed the proceedings, finding that the petitioner failed to satisfy its burden of demonstrating that the properties were overvalued.

"In an RPTL article 7 tax certiorari proceeding, a rebuttable presumption of validity attaches to the valuation of property made by the taxing authority. Consequently, a taxpayer challenging the accuracy of an assessment bears the initial burden of coming forward with substantial evidence that the property was overvalued by the assessor. In the context of tax assessment cases, . . . the substantial evidence standard requires the taxpayer to demonstrate the existence of a valid and credible dispute regarding valuation. If the taxpayer satisfies this threshold burden, the presumption disappears and the court must weigh the entire record, including evidence of claimed

deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that its property has been overvalued" (*Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst*, 23 NY3d 168, 174-175 [2014] [internal quotation marks and citations omitted]).

Here, while the petitioner's submissions were sufficient to demonstrate a "valid and credible dispute regarding valuation" of the properties in the relevant years (*Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst*, 23 NY3d at 175; *see* 22 NYCRR 202.59 [g] [2]; *Matter of Home Depot U.S.A. Inc. v Assessor of the Town of Queensbury*, 129 AD3d 1427, 1428 [2015]), they were insufficient to meet the petitioner's burden to show that the properties were overvalued by the respondent. With respect to the challenged subdivision lots, the respondent properly valued them based on their current use in agricultural production, like any other property put to a particular use (*see* RPTL 302 [1]; *Matter of Gordon v Town of Esopus*, 15 NY3d 84, 90 [2010]; 10 Ops Counsel SBRPS No. 45 [1996]). The petitioner's expert appraiser, on the other hand, incorrectly valued those lots as vacant land, after determining that was their highest and best use. Therefore, the sales comparison approach he utilized failed to compare them to like properties used in commercial agricultural production. As such, the Supreme Court properly determined that his opinion did not demonstrate, by a preponderance of the evidence, that the subject subdivision lots were overvalued (*see Matter of Rite Aid Corp. v Haywood*, 130 AD3d 1510 [2015]; *Matter of Corvetti v Winchell*, 75 AD3d 1013, 1015 [2010]; *Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena*, 146 AD2d 851, 852 [1989]).

The petitioner further contends that the respondent overvalued the subject subdivision lots because she did not reduce their valuation based on the conservation easement. A reduction in the assessment based on a conservation easement is appropriate only where the restrictions imposed actually diminish the value of the property. Here, the record demonstrates that the conservation easement did not impede the petitioner's continued use of the parcels in the subject years for commercial agricultural production (*see Matter of Ross v Town of Santa Clara*, 266 AD2d 678, 681 [1999]; *Matter of Adirondack Mtn. Reserve v Board of Assessors of Town of N. Hudson*, 99 AD2d 600, 601 [1984], *affd* 64 NY2d 727 [1984]; 11 Ops Counsel SBRPS No. 29 [2002]).

As to the 6.4 acre parcel, while, as vacant land put to no par-

ticular use, the petitioner's appraiser properly valued it based on its highest and best use (see *Matter of Sun Plaza Enters., Corp. v Tax Commn. of City of N.Y.*, 304 AD2d 763, 767 [2003]; *Matter of Weingarten v Town of Ossining*, 85 AD2d 697, 698 [1981]; 11 Ops Counsel SBRPS No. 16 [2001]; 10 Ops Counsel SBRPS No. 45 [1996]), his testimony and appraisal reports failed to establish by a preponderance of the evidence that the respondent overvalued the parcel in 2009 or 2011.

Accordingly, the Supreme Court properly, in effect, denied the petitions and dismissed the proceedings. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.