■ In the Matter of HAMPSHIRE RECREATION, LLC, et al., Appellants, v BOARD OF ASSESSORS et al., Respondents. [27 NYS3d 212]—

In a consolidated proceeding pursuant to RPTL article 7 to review real property tax assessments made by the Village of Mamaroneck for the tax years 2010, 2011, and 2012, and by the Town of Mamaroneck for the tax years 2011 and 2012, the petitioners appeal from (1) a judgment of the Supreme Court, Westchester County (Tolbert, J.), entered November 20, 2013, and (2) an amended judgment of the same court entered December 12, 2013, which, upon a decision of the same court entered September 23, 2013, made after a nonjury trial, in effect, denied the petition to review the Village of Mamaroneck tax assessment for the tax year 2012, and granted the remaining petitions only to the extent of reducing the subject assessments to reflect a property valuation of $12 million and directing correction of the assessment rolls accordingly and refund of overpayment of taxes.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is modified, on the law and the facts, by deleting the provisions thereof, in effect, denying the petition to review the Village of Mamaroneck tax assessment for the tax year 2012 and granting the remaining petitions only to the extent of reducing the subject assessments to reflect a property valuation of $12 million, and substituting therefor provisions granting the petitions by (1) reducing the Village of Mamaroneck tax assessment for the tax year 2010 to reflect a property valuation of $5.3 million, (2) reducing the Village of Mamaroneck tax assessments for the tax years 2011 and 2012 to reflect a property valuation of $5.2 million, and (3) reducing the Town of Mamaroneck tax assessments for the tax

years 2011 and 2012 to reflect a property valuation of $5.4 million; as so modified, the amended judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for recalculation of the subject tax assessments and entry of an appropriate second amended judgment; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

In these tax certiorari proceedings, the subject property is a golf course and country club located within both the Town and Village of Mamaroneck. The property consists of approximately 117 acres located within the Town, of which approximately 110.5 acres are also located within the Village. The entire property is zoned for single-family residential use. It is improved with an 18-hole golf course, a clubhouse, and separate golf and tennis shops.

Hampshire Country Club, Inc., which owned the subject property, commenced a proceeding pursuant to RPTL article 7 to review the Village's tax assessment for the tax year 2010. On June 9, 2010, the property was sold to Hampshire Recreation, LLC, for $12,100,000 in accordance with a contract of sale that attributed $12 million of the purchase price to the real property. Hampshire Recreation, LLC, thereafter commenced four separate proceedings pursuant to RPTL article 7 to review both the Village's tax assessments and the Town's tax assessments for the tax years 2011 and 2012.

The proceedings were consolidated for trial, at which the petitioners' expert submitted an appraisal valuing the property as a golf course by relying primarily on the income capitalization method. The expert determined valuations of $4.8 million in 2010 and $4.7 million in 2011 and 2012, with that portion of the property located in the Village valued at $200,000 less than those values for each year. The Town and the Village did not submit an appraisal, relying instead on the June 2010 sales price as the best indicator of value. After trial, the Supreme Court determined that the recent sales price was the best indicator of value, in effect, denied the petition to review the Village assessment for the tax year 2012, and granted the remaining petitions to the extent of directing the Town and the Village to reduce the subject assessments to reflect a property valuation of $12 million, to correct the assessment rolls accordingly, and to refund any overpayment of taxes. A judgment and amended judgment were entered accordingly. The petitioners appeal.

A property valuation by the tax assessor is presumptively valid (see Matter of FMC Corp. [Peroxygen Chems. Div.] v

*Unmack*, 92 NY2d 179, 187 [1998]). However, where a petitioner demonstrates the existence of a valid and credible dispute regarding valuation, the presumption is rebutted (*id.* at 188; *Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon*, 88 NY2d 724, 732 [1996]). Once the petitioner has met its initial burden and rebutted the presumption of validity that attaches to the assessment, a court must weigh the entire record to determine whether the petitioner has established by a preponderance of the evidence that its property has been overvalued (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188).

Here, the Supreme Court properly determined that the petitioners had rebutted the presumption of validity of the subject assessments by submitting an appraisal based on "sound theory and objective data" (*Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon*, 88 NY2d at 732). However, the Supreme Court erred in determining that the petitioners had only established overvaluation to the extent that the assessments were based upon property valuations over the $12 million recent sales price.

"[T]he purchase price set in the course of an arm's length transaction of recent vintage, if not explained away as abnormal in any fashion, is evidence of the 'highest rank' to determine the true value of the property at that time" (*Plaza Hotel Assoc. v Wellington Assoc.*, 37 NY2d 273, 277 [1975], quoting *Matter of F. W. Woolworth Co. v Tax Commn. of City of N.Y.*, 20 NY2d 561, 565 [1967]; *see Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356 [1992]; *Matter of Western Ramapo Sewer Extension Project*, 120 AD3d 703, 704 [2014]). However, improved property must be assessed based on its current condition and use (*see* RPTL 302 [1]; *Matter of Gordon v Town of Esopus*, 15 NY3d 84, 87 [2010]; *Matter of Peaceful Val. Land Stewardship, LLC v Johnson*, 132 AD3d 999, 1001 [2015]; *Matter of Weingarten v Town of Ossining*, 85 AD2d 697 [1981]). "Property is assessed for tax purposes according to its condition on the taxable status date, without regard to future potentialities or possibilities and may not be assessed on the basis of some use contemplated in the future" (*Matter of Addis Co. v Srogi*, 79 AD2d 856, 857 [1980]; *see Matter of Allied Corp. v Town of Camillus*, 80 NY2d at 360; *Matter of Rite Aid Corp. v Huseby*, 130 AD3d 1518, 1520 [2015]; *Matter of Ross v Town of Santa Clara*, 266 AD2d 678, 680 [1999]; *Matter of Stillwell Equip. Corp. v Assessors for Town of Greenburgh*, 251 AD2d 672 [1998]). Accordingly, in the context of a tax certiorari proceeding involving improved land, a recent sales price that

was based upon speculation for future development, rather than continuation of the property's current use, is not a proper indicator of value (*see* RPTL 302 [1]; *Matter of Estate of Goldman v Commissioner of Fin.*, 203 AD2d 20 [1994]).

Here, the evidence at trial established that the subject property was purchased for future residential development that had not yet occurred, and the sales price was based upon this residential development potential. Accordingly, the Supreme Court's adoption of the recent sales price as the valuation of the property for assessment purposes was in error (*see* RPTL 302 [1]; *Matter of Gordon v Town of Esopus*, 15 NY3d at 90; *Matter of Stillwell Equip. Corp. v Assessors for Town of Greenburgh*, 251 AD2d 672 [1998]; *Matter of Estate of Goldman v Commissioner of Fin.*, 203 AD2d 20 [1994]).

In valuing the property, the petitioners' appraiser relied primarily on the income capitalization method, which is a proper methodology for valuing a golf course (*see Matter of Hempstead Country Club v Board of Assessors*, 112 AD3d 123 [2013]). However, due to certain issues with the appraisal involving the appraiser's conceded use of an improper tax load factor and certain insufficient explanations for changes made from an earlier appraisal he did of the property, we determine that the petitioners met their burden of establishing that the property was overvalued to the extent indicated (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188; *see generally Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

The petitioners' remaining contentions are without merit or need not be addressed in light of our determination. Eng, P.J., Rivera, Hall and Hinds-Radix, JJ., concur.