■ In the Matter of HOWLANDS LAKE PARTNERS, L.P., Appellant, v TOWN OF DOVER et al., Respondents, and DOVER UNION FREE SCHOOL DISTRICT, Intervenor-Respondent. [46 NYS3d 153]—

Appeal from an order and judgment (one paper) of the Supreme Court, Dutchess County (James V. Brands, J.), dated September 17, 2014. The order and judgment granted the respondents' motion to dismiss the tax certiorari proceedings, made at the close of the petitioner's case, and, in effect, dismissed the proceedings.

Ordered that the order and judgment is affirmed, with costs.

The petitioner owns five adjoining parcels of real property in the Town of Dover. The petitioner filed petitions pursuant to Real Property Tax Law article 7 challenging the annual assessments on each of the five parcels for the years 1996 through 2010. Prior to trial, the petitioner withdrew its challenges with respect to four out of the five parcels and elected to proceed with its claims as to the parcel identified in tax assessment records as containing 54.6 acres and certain improvements (hereinafter the subject parcel). One of the four other parcels, which is adjacent to the south side of the subject parcel, is identified in the assessment records as containing approximately 20 acres of vacant land (hereinafter the south parcel).

At trial, the petitioner's sole witness, its appraiser, testified that his valuation of the subject parcel was based upon an unsigned and uncertified survey map indicating that the subject parcel was only 52.117 acres in size and that improvements identified as Building #4 and the Silo/Conveyor Building (hereinafter together the improvements) were not located on the subject parcel, but on the adjacent south parcel. Consequently, the petitioner's appraiser's valuation used 52.117 acres as the size of the subject parcel and did not include the value of the improvements. At the conclusion of the petitioner's case, the respondents moved to dismiss the petitions insofar as they related to the subject parcel on the ground that the petitioner failed to overcome the presumption of validity since the petitioner's appraisal, among other things, failed to value the improvements and the total acreage of the subject parcel, as reflected in the tax records of the Town. In an order and judgment (one paper) dated September 17, 2014, the Supreme Court granted the respondents' motion and, in effect, dismissed the proceedings insofar as they related to the subject parcel. The petitioner appeals.

"In an RPTL article 7 tax certiorari proceeding, a rebuttable presumption of validity attaches to the valuation of property made by the taxing authority. Consequently, a taxpayer challenging the accuracy of an assessment bears the initial burden of coming forward with substantial evidence that the property was overvalued by the assessor. In the context of tax assessment cases . . . the substantial evidence standard requires the taxpayer to demonstrate the existence of a valid and credible dispute regarding valuation. If the taxpayer satisfies this threshold burden, the presumption disappears and the court must weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that its

property has been overvalued" (*Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst*, 23 NY3d 168, 174-175 [2014] [citations and internal quotation marks omitted]; *see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187-188 [1998]).

Contrary to the petitioner's contentions, the Supreme Court properly, in effect, dismissed the proceedings insofar as they related to the subject parcel because the petitioner failed to offer substantial evidence of a "valid and credible dispute regarding valuation" (*Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst*, 23 NY3d at 175). The petitioner had the burden of proof as to the total assessment and was "required to submit an appraisal that addressed the total assessment of each of the component parts of the subject property" (*Matter of Johnson v Kelly*, 45 AD3d 687, 688 [2007]; *see Matter of Shubert Org. v Tax Commn. of City of N.Y.*, 60 NY2d 93, 96 n [1983]; RPTL 502 [3]). The unsigned and uncertified survey map relied upon by the petitioner's assessor failed to establish any error in the tax records as to the size of the subject parcel or the location of the improvements. Thus, the petitioner's appraisal did not include the subject parcel's total acreage, and excluded the value of the improvements. The petitioner's remaining contentions are without merit. Consequently, the Supreme Court properly determined that the petitioner did not meet the substantial evidence burden of proof necessary to overcome the presumption of the validity of the assessments in question, and properly, in effect, dismissed the proceedings insofar as they related to the subject parcel (*see Matter of Johnson v Kelly*, 45 AD3d at 688; *Matter of Young v Town of Bedford*, 37 AD3d 729, 730 [2007]). Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.