Matter of Sound Shore Guild Assn., Inc. v Assessor of the Town of Riverhead (2020 NY Slip Op 02473)





Matter of Sound Shore Guild Assn., Inc. v Assessor of the Town of Riverhead


2020 NY Slip Op 02473


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-07789 
2018-07791
 (Index Nos. 28233/13, 615639/16, 615641/16, 615642/16, 615647/16, 615656/16, 615657/16, 615634/17)

[*1]In the Matter of Sound Shore Guild Assn., Inc., respondent,
v
Assessor of the Town of Riverhead, appellants.


Scott DeSimone P.C., Peconic, NY, for appellant.
Flower, Medalie & Markowitz, Bay Shore, NY (Edward Flower of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 2009/2010 through 2016/2017, the Assessor of the Town of Riverhead appeals from (1) a decision and order (one paper) of the Supreme Court, Suffolk County (John J. Leo, J.), dated March 1, 2018, and a judgment of the same court dated April 19, 2018. The decision and order, after a nonjury trial, granted the petition to reduce the tax assessments for the tax years 2009/2010 through 2016/2017. The judgment, upon the decision and order, inter alia, directed that the assessment rolls be corrected and any overpayments be refunded.
ORDERED that the appeal from the decision and order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
We dismiss the appeal from the decision and order because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the decision and order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The petitioner, Sound Shore Guild Assn., Inc. (hereinafter Sound Shore), commenced this proceeding against the Assessor of the Town of Riverhead (hereinafter the appellant), seeking a reduction in real estate property tax assessments for the tax years 2009/2010 through 2016/2017 on 14.38 acres of property located in Wading River (hereinafter the property). There are 96 unheated, uninsulated cottages on the property, which is utilized as a seasonal summer residential community and can only be used from April 15 through October 15 each year. The water is turned off each year from mid-October through mid-March. Sound Shore, a nonprofit cooperative corporation (hereinafter the cooperative), is the owner of the property. Pursuant to the by-laws of [*2]the cooperative, members own equal shares in the cooperative and own their respective cottages as personal property. The property was assessed as a single parcel by the appellant.
After a nonjury trial, during which an appraiser for each party testified, the Supreme Court granted the petition to reduce the tax assessments for the tax years 2009/2010 through 2016/2017, and directed that the assessment rolls be corrected and any overpayment be refunded. We affirm.
In a tax certiorari proceeding challenging a real estate tax assessment, "a property valuation by the tax assessor is presumptively valid and this obviates any necessity, on the part of the assessors, of going forward with proof of the correctness of their valuation" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 187 [citations and internal quotation marks omitted]). Once the "petitioner challenging the assessment comes forward with substantial evidence' to the contrary, the presumption disappears" (Matter of FMC Corp. [Peroxygen Chems. Div.], 92 NY2d at 187, quoting People ex rel. Wallington Apts. v Miller, 288 NY 31, 33), and, in order to succeed, the petitioner must establish by a preponderance of the evidence that the property was overvalued (see Matter of Hampshire Recreation, LLC v Board of Assessors, 137 AD3d 1029, 1031; Matter of W.O.R.C. Realty Corp. v Board of Assessors, 100 AD3d 75, 88). Upon a determination by the trial court that the property was overvalued, this Court must then "determine whether [the finding] is supported by or against the weight of the evidence" (Matter of Gibson v Gleason, 20 AD3d 623, 626).
Here, we agree with the Supreme Court's determination that Sound Shore came forward with substantial evidence to rebut the presumption of validity of the tax assessor's valuation and demonstrated by a preponderance of the evidence that the property was overvalued (see Matter of W.O.R.C. Realty Corp. v Board of Assessors, 100 AD3d at 99; see generally Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 188). Contrary to appellant's contention, the appraisal proffered by Sound Shore was adequately supported by facts, figures, and calculations (see Matter of W.O.R.C. Realty Corp. v Board of Assessors, 100 AD3d at 97). Upon our review of the record, we are satisfied that the court's determination that the property was overassessed is supported by the record, and therefore, it will not be disturbed (see id. at 99).
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court