Matter of Barberry Cove, LLC v Town of Henrietta Bd. of Assessment Review (2024 NY Slip Op 00557)

Matter of Barberry Cove, LLC v Town of Henrietta Bd. of Assessment Review

2024 NY Slip Op 00557

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

988 CA 22-01447

[*1]IN THE MATTER OF BARBERRY COVE, LLC, AND TOM THOMAS, PETITIONERS-RESPONDENTS,
v
TOWN OF HENRIETTA BOARD OF ASSESSMENT REVIEW, ASSESSOR OF TOWN OF HENRIETTA AND TOWN OF HENRIETTA, RESPONDENTS-APPELLANTS. 

MCCONVILLE, CONSIDINE, COOMAN & MORIN, P.C., ROCHESTER (PETER J. WEISHAAR OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
JACOBSON LAW FIRM, P.C., PITTSFORD (ROBERT L. JACOBSON OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered August 24, 2022, in a proceeding pursuant to RPTL article 7. The order and judgment, among other things, determined the assessment values of certain real properties for the years 2018, 2019, 2020 and 2021. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In these consolidated proceedings pursuant to RPTL article 7, respondents appeal from an order and judgment that determined the assessed value of real property owned by petitioner Barberry Cove, LLC for the 2018-2021 tax years.
At issue is the valuation of a 70-parcel residential rental community (property) comprised of 35 structures. Each structure contains two adjacent apartments, and each apartment has a two-car garage. There is also an internal firewall within each structure between the two apartments. The structures are individually divided along the firewalls such that each apartment sits upon its own lot, has its own tax account number, is separately assessed, and receives its own tax bill. Tenants pay rent and utilities; petitioners pay the taxes and are responsible for lawn maintenance, driveway snowplowing, and general repairs and maintenance. After respondents determined assessment values for 2018, 2019, 2020, and 2021, petitioners sought to challenge those initial valuations under RPTL article 7, filing a separate petition in Supreme Court for each subject tax year. Following an exchange of expert appraisals, a trial was held on the petitions with respect to the tax years 2018, 2019, and 2020, and the parties stipulated that the court's determination with respect to the 2020 tax year would be adopted by the court as the value for the 2021 tax year.
On appeal, respondents contend, inter alia, that petitioners failed to rebut the presumption that each initial assessment was valid, and that the court improperly valued the property as a multi-unit apartment complex as opposed to individual single-family townhomes.
Preliminarily, although "a property valuation by the tax assessor is presumptively valid" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 187 [1998]), that presumption disappears "when a petitioner challenging the assessment comes forward with 'substantial evidence' to the contrary" (id.; see Matter of Carriage House Motor Inn v City of Watertown, 136 AD2d 895, 895-896 [4th Dept 1988], affd 72 NY2d 990 [1988]). A "credible and competent" appraisal provided by a petitioner is sufficient to establish that "a valid dispute exists concerning the property's valuation" (FMC Corp., 92 NY2d at 191). Here, we reject respondents' contention that petitioners failed to rebut the presumption of a valid assessment, [*2]because we conclude that petitioners submitted an appraisal sufficient to demonstrate that a valid dispute exists with respect to each valuation (see Matter of Rite Aid Corp. v Darling, 162 AD3d 1599, 1601 [4th Dept 2018]).
Respondents further contend that the court abused its discretion in determining that the property should be taxed as a multi-unit rental property, because the property is located in an R-1-20 residential zoning district, which permits single-family dwellings. We reject that contention. We note that "the trial court enjoys broad discretion in that it can reject expert testimony and arrive at a determination of value that is either within the range of expert testimony or supported by other evidence and adequately explained by the court" (ARC Machining & Plating v Dimmick, 238 AD2d 849, 850 [3d Dept 1997]; see Rite Aid Corp., 162 AD3d at 1601; see generally W.T. Grant Co. v Srogi, 52 NY2d 496, 510 [1981]). Valuation must be based upon the property's "existing use" (Matter of Addis Co. v Srogi, 79 AD2d 856, 857 [4th Dept 1980], lv denied 53 NY2d 603 [1981]), "without regard to future potentialities or possibilities" (Matter of Hampshire Recreation, LLC v Board of Assessors, 137 AD3d 1029, 1031 [2d Dept 2016], lv denied 28 NY3d 908 [2016] [internal quotation marks omitted]; see Matter of Stonegate Family Holdings v Board of Assessors of Town of Long Lake, 222 AD2d 997, 998 [3d Dept 1995], lv denied 92 NY2d 817 [1998]). Here, a fair interpretation of the evidence presented at trial supports the court's determination that the property was actually used as a 70-unit rental property.
We have reviewed respondents' remaining contentions and conclude that none warrants modification or reversal of the order and judgment.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court