Matter of Goldiron Farming, LLC v Town of Stanford

2026 NY Slip Op 02981

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Goldiron Farming, LLC, appellant,

v

Town of Stanford, etc., et al., respondents- respondents, Pine Plains Central School District, intervenor respondent-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2022-02464, 2022-02466, (Index Nos. 51751/17, 52201/18)

Mark C. Dillon, J.P.

Linda Christopher

Barry E. Warhit

Carl J. Landicino, JJ.

Van DeWater & Van DeWater, LLP, Poughkeepsie, NY (Kyle W. Barnett and Meghan E. Clemente of counsel), for appellant.

Corbally, Gartland & Rappleyea, LLP, Poughkeepsie, NY (Allan B. Rappleyea of counsel), for respondents-respondents.

[*1]

DECISION & ORDER

In related proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 2017 and 2018, the petitioner appeals from (1) a decision of the Supreme Court, Dutchess County (James V. Brands, J.H.O), dated March 2, 2022, and (2) a judgment of the same court dated March 2, 2022. The judgment, upon the decision, made after a nonjury trial, denied the petitions and dismissed the proceedings.

ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,

ORDERED that the judgment is affirmed; and it is further,

ORDERED that one bill of costs is awarded to the respondents-respondents.

The petitioner is the owner of three contiguous parcels of real property located in the Town of Stanford that comprise a combination of agricultural lands, conserved forestry lands, and rural residences (hereinafter the property). The property consists of 322.36 acres, 225 of which is part of the Real Property Tax Law § 480-a forest land tax program and subject to tax exemptions. The petitioner commenced these two proceedings pursuant to Real Property Tax Law article 7 to review the Town's property tax assessments for the property for the tax years 2017 and 2018.

At a nonjury trial, the petitioner introduced an appraisal report valuing the property as a single economic unit with mixed agriculture, forestry, and residential uses, relying on the sales comparison approach in determining the valuation. The Town introduced an appraisal report that also used the sales comparison approach but evaluated the property as three separate parcels rather than as a single economic unit.

After the trial, the Supreme Court determined, inter alia, that the petitioner failed to [*2]prove by a preponderance of the evidence that the Town had overvalued the property, denied the petitions, and dismissed the proceedings. The petitioner appeals.

"In an RPTL article 7 tax certiorari proceeding, a rebuttable presumption of validity attaches to the valuation of property made by the taxing authority" (Matter of Howlands Lake Partners, L.P. v Town of Dover, 146 AD3d 952, 953 [internal quotation marks omitted]; see Matter of Hampshire Recreation, LLC v Board of Assessors, 137 AD3d 1029, 1031). "Consequently, a taxpayer challenging the accuracy of an assessment bears the initial burden of coming forward with substantial evidence that the property was overvalued by the assessor" (Matter of Howlands Lake Partners, L.P. v Town of Dover, 146 AD3d at 953 [internal quotation marks omitted]; see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 187). "In the context of tax assessment cases . . . the substantial evidence standard requires the taxpayer to demonstrate the existence of a valid and credible dispute regarding valuation" (Matter of Howlands Lake Partners, L.P. v Town of Dover, 146 AD3d at 953 [internal quotation marks omitted]; see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 188). "If the taxpayer satisfies this threshold burden, the presumption disappears and the court must weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that its property has been overvalued" (Matter of Howlands Lake Partners, L.P. v Town of Dover, 146 AD3d at 953-954 [internal quotation marks omitted]; see Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d 168, 174-175). "Essentially, a proceeding under RPTL article 7 is in the nature of a trial de novo to decide whether the total assessment of the property is correct and if it is not, to correct it" (Matter of Wythe Ave. Props., LLC v Tax Commn. of the City of N.Y., 226 AD3d 696, 698 [alteration and internal quotation marks omitted]; see Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs, 253 AD2d 8, 14).

Here, the petitioner rebutted the presumption of validity of the subject assessments by submitting an appraisal based on "sound theory and objective data" (Matter of Hampshire Recreation, LLC v Board of Assessors, 137 AD3d at 1031 [internal quotation marks omitted]).

The Supreme Court properly determined, however, that the petitioner failed to establish by a preponderance of evidence that the property was overvalued by the Town in its tax assessments for both 2017 and 2018. "In assessment review proceedings, the value at which real property may be taxed has been equated with market value" (Matter of Hempstead Country Club v Board of Assessors, 112 AD3d 123, 135 [internal quotation marks omitted]; see RPTL 720[1][b]). "[T]he best evidence of [market] value is a recent sale of the subject property between a seller under no compulsion to sell and a buyer under no compulsion to buy" (Matter of Happy Rehab, LLC v Assessor for the Town of Glenville, 214 AD3d 1234, 1236 [internal quotation marks omitted]; see Matter of Hempstead Country Club v Board of Assessors, 112 AD3d at 135). "Indeed, a sale in an arm's length transaction that is not explained away as abnormal in any fashion is the very best form of evidence" (Matter of Lost Lake Resort, Inc. v Board of Assessors for the Town of Forestburgh, 222 AD3d 1091, 1093 [internal quotation marks omitted]; see Matter of JB Park Place Realty, LLC v Village of Bronxville, 50 AD3d 689, 689). "Property is assessed for tax purposes according to its condition on the taxable status date, without regard to future potentialities or possibilities and may not be assessed on the basis of some use contemplated in the future" (Matter of Hampshire Recreation, LLC v Board of Assessors, 137 AD3d at 1031 [internal quotation marks omitted]; see Matter of Happy Rehab, LLC v Assessor for the Town of Glenville, 214 AD3d at 1235).

Here, both appraisers relied on the sales comparison approach in determining the valuation of the property. However, the petitioner's appraiser narrowed his comparisons to consider only properties with a Real Property Tax Law § 480-a exemption, considerably limiting the properties that he chose for comparison. This limitation resulted in comparing the property, located in Dutchess County, with properties from other counties that have lower overall per-acre value than Dutchess County. Further, the petitioner's appraiser failed to consider the recent sale price of one of the parcels, erroneously finding that the transaction was not an arm's length transaction. Finally, the petitioner's appraiser also evaluated the parcels as a single economic unit, but the evidence did not demonstrate that the parcels had a unity of use.

The Supreme Court also properly determined that the Town's denial of an agricultural exemption for one parcel for 2017 and 2018 was valid, as the agricultural operations had not been in place on that parcel for the preceding two years (see Agriculture and Markets Law § 301[4]).

Accordingly, the Supreme Court properly denied the petitions and dismissed the proceedings.

DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court